

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KENNETH A. HARRIS,<br>  Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA REVENUE AND<br>FISCAL AFFAIRS OFFICE,<br>  Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No. 3:20-04450-MGL<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Kenneth A. Harris (Harris) filed this civil action against Defendant South Carolina Revenue and Fiscal Affairs Office (RFA), alleging race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant RFA's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 15, 2022, Harris objected on June 29, 2022, and RFA replied on July 13, 2022. Although the Magistrate Judge suggests the Court grant summary judgment on all Harris's claims, the only objection Harris makes to the Report is the Magistrate Judge's recommendation the Court grant summary judgment on his retaliatory demotion claim. The Court has carefully reviewed those objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Report sets out a comprehensive recitation of the facts of this case, which the Court will briefly summarize here. Harris, a Black man, worked as a communications manager for RFA starting in April 2018. While working there, Harris advocated for diverse teams and raised concerns about perceived discriminatory pay suffered by himself and fellow Black employees.

Additionally, in one instance, Harris emailed the employees on his floor about the disappearance of his potato chips from the break room. Based on the perceived disparaging remarks in the email, Paul Athey (Athey), Harris's supervisor, met with Harris to have a "conversation . . . concerning appropriate use of email and improving communications" between them on June 27, 2019. Athey June 2019 Memorandum. After the meeting, Athey mentioned it might be a good idea for Harris to get a new supervisor.

Harris followed-up the meeting with a memorandum on July 12, 2019, which asked Athey to withdraw what Harris perceived as an "oral reprimand[.]" Harris Memorandum. The memorandum raised his concern that his reporting of concerns regarding "race discrimination or bias within the agency" were "used as the basis" for the reprimand. *Id.*

On September 4, 2019, Athey formally requested a division reorganization that would create a new strategic communications section, headed by Sandra Kelly (Kelly), and make some changes to the information technology (IT) division based on an information security audit conducted by Soteria, a third-party cyber security firm (the Soteria audit), which concluded in late July 2019. Evidence suggests Frank Rainwater (Rainwater), the executive director, made the informal decision to restructure on August 7, 2019, and informed Athey and Kelly in the days after. AFP's board formally approved the reorganization on September 16, 2019.

Harris claims this new structure resulted in his demotion or reclassification, because he now reports to Kelly, who in turn reports to Athey. After filing a charge with the Equal Employment Opportunity Commission, Harris brought this action.

Harris's objections amount to a single contention: the Magistrate Judge improperly determined he failed to present sufficient evidence of pretext to create a genuine issue of material fact.

Specifically, Harris maintains he has put forth ample circumstantial evidence to create a triable issue of fact as to pretext, including:

> (1) Plaintiff complained on numerous occasions of discrimination in the workplace; (2) although Athey asserted that he had a good working relationship with Plaintiff, he no longer wanted to supervise him after a single meeting on June 27th wherein Plaintiff complained; (3) the decision to reorganize Plaintiff's position was made in the immediate days following his July 12th memorandum; (4) the decision to reorganize was by Defendant's own admission at least, in part, because Athey did not want to supervise Plaintiff; (5) that the Soteria audit necessarily did not address Plaintiff's position; and (6) Defendant methodically withheld the reorganization from Plaintiff as they knew he would be upset.

Objections at 9. RFA counters the Court should adopt the Report because Harris has failed to point to evidence in the record to support its contention that proffered legitimate reasons for the

3

reorganization—the Soteria audit and the attempt to increase efficiency and spread workload—were pretext.

The Soteria audit addressed only the IT reorganization. But, the need for restructuring indicated by the Soteria audit does undermine Harris's argument that the temporal proximity to the potato chip incident suggests pretext. It appears RFA simply chose to make all needed restructuring changes at one time.

And, although the Soteria audit alone fails to provide a legitimate reason for Harris's reassignment, RFA fails to offer it as an explanation by itself. Instead, RFA also posits the extended reorganization was a business decision to address the "fragment[]ed sections in the office." Rainwater Deposition at 43. In other words, RFA wanted to combine employees with similar roles into a single department. RFA also noted Athey was "stretched thin" as a supervisor, and the reorganization served to spread the workload. Athey Deposition at 48.

The reorganized reporting structure impacted a total of thirteen employees, ten of whom received new supervisors and three of whom were given new supervisory duties. Six of those employees now report to a new supervisor who is in a lower pay bracket than their previous supervisor. The reorganization also made several other changes the Court need not discuss here. RFA restructures its departments to some degree every year. Harris fails to provide evidence this particular restructuring was a pretext for retaliation.

True, it appears Harris is the only person outside of those impacted by the Soteria audit who now reports to a new supervisor. Yet, others at RFA also now report to someone at a lower level than their original supervisor. And, Kelly was in a higher position than him even before the restructuring. Further, Kelly had been with RFA since 1995, whereas Harris had worked there since only mid-2018.

Despite Harris's contentions, that Kelly and Athey were informed of a potential change in supervisees before Harris fails to undermine the restructuring's legitimacy. Harris's role failed to change; Kelly's and Athey's did. As the Magistrate Judge determined, it is to be expected for supervisors to learn of such a change before supervisees.

Harris presents evidence Athey requested the restructuring at least in part because he was uncomfortable supervising Harris. Harris contends this discomfort arose solely out of the meeting following the potato chip incident, and RFA contends "any time [Athey] had to offer him guidance or direction, his response always seemed to be negative and include accusations of unfair treatment." Athey June 2019 Memorandum.

But, even if this is true, Harris has still failed to create a triable issue of fact. Harris provides no evidence, for example, that Athey was aware of Harris's previous advocacy in the workplace regarding racial issues such as diversity and disparate pay—which went through Rainwater and human resources—when he first mentioned changing Harris's supervisor. Nor had he received Harris's memorandum expressing his concerns that racial discrimination and bias had led to the perceived reprimand.

Athey testifies he attempted to address his concerns with Harris's behavior informally—without time-consuming disciplinary action—but their working relationship continued to deteriorate. A mere personality conflict, as the Magistrate Judge noted, fails to give rise to an actionable retaliation claim. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 282 (4th Cir. 2000) (classifying personality conflicts "as an inevitable byproduct of the rough edges and foibles that individuals bring to the table of their interactions" and requiring "legally sufficient evidence" to transform such expected conflict into an actionable discrimination claim) (citations omitted). The evidence suggests Athey's work relationship merely became generally incompatible.

In sum, Harris has failed to present evidence that he received a new supervisor in retaliation, rather than because the new structure benefitted RFA's overall efficiency.  Thus, taking Harris's evidence together, the Court agrees with the Magistrate Judge's determination that Harris has failed to establish a genuine issue of material fact as to pretext.  *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 251 (4th Cir. 2015) (explaining the burden for establishing causation at the pretext stage is more "onerous" than at the prima facie case stage).

The Court can hold as such without making any credibility determinations, which it agrees with Harris are improper for summary judgment.  *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 576 (4th Cir. 2015) ("Summary judgment is not appropriate when questions about the credibility of key witnesses loom large" (internal citation omitted)).  The Court will therefore overrule Harris's objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court RFA's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 5th day of August 2022, in Columbia, South Carolina.

                                                 s/ Mary Geiger Lewis
                                                 MARY GEIGER LEWIS
                                                 UNITED STATES DISTRICT JUDGE