

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KENNETH A. HARRIS,<br>   Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA REVENUE AND<br>FISCAL AFFAIRS OFFICE,<br>   Defendants. | §<br>§<br>§<br>§<br>§  Civil Action No. 3:20-04450-MGL<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**I. INTRODUCTION**

Plaintiff Kenneth A. Harris (Harris) filed this civil action against Defendant South Carolina Revenue and Fiscal Affairs Office (RFA), alleging race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

Pending before the Court is Plaintiff Kenneth A. Harris's (Harris) motion to alter or amend the summary judgment in this case under Federal Rule of Civil Procedure 59(e). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II. FACTUAL AND PROCEDURAL HISTORY**

The facts of the case are set forth fully in the Magistrate Judge's Report and Recommendation (the Report) and the Court's order adopting the Report and granting defendants'

motion for summary judgment (the Court's Opinion).  The Court incorporates those facts by reference here, but sets forth a summary for ease of understanding.

Harris, a Black man, worked as a communications manager for RFA starting in April 2018. He made several complaints about perceived racial discrimination.

Paul Athey (Athey), Harris's supervisor, met with Harris to discuss an email Harris had sent to the employees on his floor that Athey perceived to contain disparaging remarks.  After the meeting, Athey mentioned it might be a good idea for Harris to get a new supervisor.

Later, Athey formally requested a division reorganization that would create a new strategic communications section, headed by Sandra Kelly (Kelly), and make some changes to the information technology division based on an information security audit conducted by Soteria, a third-party cyber security firm (the Soteria audit).  Evidence suggests Frank Rainwater (Rainwater), the executive director of RFA, made the informal decision to restructure, and informed Athey and Kelly in the days after.

Harris claims this new structure resulted in his demotion or reclassification, because he now reports to Kelly, who in turn reports to Athey.

RFA previously moved for summary judgment, which the Court granted in the Court's Opinion after considering the Report and Harris's objections.

Twenty-seven days after entry of the Court's Opinion, Harris filed this motion.  RFA responded and Harris replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.     STANDARD OF REVIEW**

Under Rule 59(e), a Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

**IV.     DISCUSSION AND ANALYSIS**

As an initial matter, Harris's motion, filed twenty-seven days after the entry of judgment, is timely.

As a general matter, Harris insists the Court engaged in impermissible factfinding in its decision to grant summary judgment. RFA maintains Harris has failed to offer any evidence to establish a genuine issue of material fact as to pretext.

On a motion for summary judgment, the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569 (4th Cir. 2015). The Court was aware of this limitation when it issued its previous order. In fact, it

3

addressed Harris's contention that the Report—which it adopted—failed to abide by this standard. *See* Order at 6 ("The Court can hold as such without making any credibility determinations, which it agrees with Harris are improper for summary judgment." (citing *Jacobs*, 780 F.3d at 569)).

Although Harris premises his specific objections on disputes with the Order itself, he, for the most part, merely reiterates arguments previously presented to this Court. The Court need not rehash them ad nauseum. It rests upon its determination that no reasonable jury could find, by a preponderance of the evidence, that RFA's proffered reasons for the restructuring were pretext for discriminatory retaliation.

But, Harris raises several points that the Court determines merit brief discussion.

First, Harris contends the Court erred by stating "Kelly was in a higher position than him even before the restructuring." Court's Opinion at 4.

Although both Kelly and Harris reported to the same supervisor before the restructuring, RFA classified Kelly as Strategic Operations Manager/Program Manager II and Harris as Communications Manager/Program Manager I. True, Harris was the only person to hold the Communication Manager title, but Kelly also held the title of Program Manager, and with a higher designation.

The Court refrained from "presum[ing] that because Kelly had been employed longer, she is necessarily qualified and/or deserved to serve as [Harris's] supervisor." Motion at 9. Instead, the Court merely determined that Harris failed to demonstrate a genuine issue of material fact that the reasons given for Kelly's move to Harris's supervisor were pretext. In other words, Harris is unable to refute evidence Kelly's experience and higher management classification qualified her to act as a supervisor. Thus, the Court made no error.

Second, Harris insists the Court erred in reasoning Kelly's "role [within RFA] was changing" such that it explained RFA notifying her of the reorganization before Harris. Motion at 13 n. 9 (citing Court's Opinion at 5). Although Kelly testified that "it was never that [she] was taking on anything," Kelly Deposition 23:15–16, she did become a section manager and was assigned a new supervisee. For the purposes of the Court's analysis, this constitutes a changed role that would explain her receiving advance notice of the restructuring.

Third, Harris maintains that RFA has wavered in its proffered legitimate business reasons for the restructuring, indicating pretext. Harris avers that in RFA's interrogatory answers, it identified the Soteria audit as the reason for Harris's reorganization and failed to mention business operations until later, during depositions.

But, as explained in the order, the clarifying responses given at depositions fail to uncover a fatal inconsistency. Instead, the two explanations build off each other to create a clearer picture.

Fourth, Harris points to the Court's reasoning that "Harris provides no evidence, for example, that Athey was aware of Harris's previous advocacy in the workplace regarding racial issues such as diversity and disparate pay—which went through Rainwater and human resources—when he first mentioned changing Harris's supervisor. Nor had he received Harris's memorandum expressing his concerns that racial discrimination and bias had led to the perceived reprimand." Court's Opinion at 5. He insists that "[t]he Court disregards, however, that Rainwater, not Athey, made the final decision to reorg Harris' position." Motion at 13.

The Court acknowledged that Rainwater made the informal decision regarding restructuring. Its discussion of Athey's knowledge of Harris's advocacy focused on when Athey mentioned the possibility of a new supervisor for Harris. The Court determined that the evidence failed to show that Athey's suggestion was based on retaliatory pretext.

5

The Court will therefore deny Harris's motion.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, and in the interest of finality, it is the judgment of the Court Harris's motion to alter or amend judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 29th day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
